IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO NEWSPAPER COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEARST CORPORATION, HEARST COMMUNICATIONS, INC., SAN FRANCISCO CHRONICLE LLC, FRANK VEGA, MARK ADKINS, JEFF BERGIN AND DOES 1-10, <br><br> Defendants. | No. C 13-3549 MMC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S REQUEST FOR COSTS AND FEES** |

Before the Court is plaintiff San Francisco Newspaper Company's Motion for Remand to the California Superior Court for the County of San Francisco, filed August 30, 2013.  Defendants have filed opposition, and plaintiff has filed a reply.  Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision on the parties' respective written submissions, VACATES the October 11, 2013, hearing on the matter, and rules as follows.

**DISCUSSION**

**A. Removal Jurisdiction**

In their notice of removal, defendants Hearst Corporation, Hearst Communications, Inc. (collectively, "Hearst"), San Francisco Chronicle LLC ("San Francisco Chronicle"), Frank Vega ("Vega"), Mark Adkins ("Adkins"), and Jeff Bergin ("Bergin") assert the district

1 court has diversity jurisdiction over the present action because plaintiff San Francisco
2 Newspaper Company and defendants Hearst, Vega, and Adkins are diverse in citizenship,
3 defendant San Francisco Chronicle was dissolved prior to the filing of the instant action and
4 no longer exists, and defendant Bergin, although not diverse, has been fraudulently joined.
5 In its motion to remand, plaintiff argues Bergin is not fraudulently joined.

Where a "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." See McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987. "[T]he defendant always has the burden of establishing that removal is proper." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  Here, defendants contend plaintiff has "fail[ed] to state a cause of action against Bergin, and the failure is obvious according to the settled rules of California."  (Notice of Removal ("NOR") ¶ 3).  As discussed below, the Court disagrees.

By the instant complaint, plaintiff asserts against all defendants four causes of action, the first three of which are brought under California's Unfair Practices Act ("UPA"), Cal. Bus. Profs. Code § 17000 et seq., and the fourth of which is brought under California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200 et seq.  As to each such cause of action, Bergin is alleged to be "Vice President of Advertising for the Chronicle" and "an officer and agent of Hearst."  (See Compl. ¶ 5.)  For purposes of the instant motion, plaintiff does not directly counter defendants' challenge to the UCL claim against Bergin, and instead directs its response to Bergin's potential liability under the UPA.

As relevant to defendants' motion, the UPA provides as follows:

> Any person, who, either as director, officer or agent of any firm or corporation or as agent of any person, violating the provisions of this chapter, assists or aids, directly or indirectly, in such violation is responsible therefor equally with the person, firm or corporation for which he acts.

Cal. Bus. & Prof. Code § 17095.  In support of removal, defendants argue Bergin is not an "officer" or "agent" of Hearst but rather an "employee" (see Opp'n at 7), and note that an "employee" is not listed as an individual or entity covered by § 17095 (see id. at 8).  As

2

plaintiff points out, however, at least one respected treatise on California law has observed that "[t]here is seldom any reason to distinguish between the service of an agent and that of an employee," and that "[m]ost of the rules relating to duties, authority, liabilities, etc., are applicable to employees as well as to other agents."  See 3 Witkin, Summary of Cal. Law, Agency § 4, at 42 (10th ed. 2005).  Here, defendants have pointed to no case distinguishing employees from other agents in the context of the UPA.  Rather, as plaintiff further points out, no California court has addressed the question.  Given the present lack of authority on the issue upon which the instant removal is predicated, the Court finds defendants have failed to meet their burden of establishing removal is proper.  See McCabe, 811 F.2d at 1339 (holding, to show fraudulent joinder, defendant must show asserted failure to state claim is "obvious according to the settled rules of the state"); see, e.g. Thompson v. Genon Energy Servs., LLC, 2013 WL 968224 at *4 (N.D. Cal. March 12, 2013) (finding no fraudulent joinder; declining to "divine how the California courts would handle the question of individual liability" where claim is "governed by the language of the statute . . . [and] the California courts have not provided a gloss on that language").[1]

Accordingly, the motion to remand will be granted.

**B.  Attorney's Fees**

Plaintiff requests an award of costs and attorney's fees based on a finding of improper removal.  Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  A district court has "wide discretion" in assessing fees under § 1447(c).  See Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992). "Absent unusual circumstances," however, attorney's fees should not be awarded where the removing party has "an objectively reasonable basis for seeking removal."  Martin v.

---

[1] Defendants also argue that plaintiff has pleaded insufficient facts to show Bergin committed a violation under the UPA. As defendants do not contend any such deficiencies cannot be cured, and there is nothing to suggest they are not curable, such additional argument likewise is unavailing. See Vigil v. HMS Host USA, Inc., 2012 WL 3283400 at *4 (N.D. Cal. Aug. 10, 2012) (remanding action to state court where defendants "made no argument that any deficiencies [were] incurable by amendment").

Franklin Capital Corp., 546 U.S. 132, 141 (2005). In this instance, the Court finds the asserted basis for removal does not warrant an award under § 1447(c).

Accordingly, plaintiff's request for costs and attorney's fees will be denied.

## CONCLUSION

For the reasons stated above:

1. Plaintiff's motion is hereby GRANTED, and the above-titled action is REMANDED to the Superior Court of the State of California, in and for the County of San Francisco.

2. Plaintiff's request for an award of costs and attorney's fees is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 9, 2013

MAXINE M. CHESNEY
United States District Judge